UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC JEFFREY HOGAN,<br><br>Defendant. | No. CR21-021-RSM<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Entry of a Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Eric Jeffrey Hogan's interest in the following property:

1. One LG G8X ThinQ Dual Screen Smartphone (serial number illegible) contained inside a phone case with S/N: 912SVBB0551053, seized from ERIC JEFFREY HOGAN on or about November 10, 2021; and

2. Any and all images of child pornography, in whatever format and however stored.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS that entry of a Preliminary Order of Forfeiture is appropriate because:

Preliminary Order of Forfeiture - 1
*U.S. v. Hogan*, CR21-021-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- The above-identified images and electronic equipment are forfeitable pursuant to 18 U.S.C. § 2253(a), because they were used to commit or to facilitate the commission of the identified offense, Attempted Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and/or they consist of prohibited images; and,

- Pursuant to the Plea Agreement he entered on November 10, 2021, the above-identified images and electronic equipment are subject to forfeiture pursuant to 18 U.S.C. § 2253(a), Dkt. No. 33, ¶¶ 9, 14.

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 18 U.S.C. § 2253(a), and his Plea Agreement, the Defendant's interest in the above-identified images and electronic equipment is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. The United States Department of Justice, and/or its authorized agents or representatives at the Federal Bureau of Investigation ("FBI"), shall maintain the above-identified electronic equipment in its custody and control until further order of this Court. FBI shall destroy any images unless they have been destroyed already or will be retained for official, investigative use, as permitted by 21 U.S.C. §§ 853(i) and 881(e);

4. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the electronic equipment as permitted by governing law. The notice shall be posted on an official government website—www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the electronic equipment, the United States shall also, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the above identified electronic equipment must file a petition with the Court within sixty

Preliminary Order of Forfeiture - 2
*U.S. v. Hogan*, CR21-021-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

(60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the electronic equipment;

    b.    shall be signed by the petitioner under penalty of perjury; and

    c.    shall set forth the nature and extent of the petitioner's right, title, or interest in the electronic equipment, as well as any facts supporting the petitioner's claim and the specific relief sought.

5.    If no third-party petition is filed within the allowable time period, the United States shall have clear title to the electronic equipment, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6.    If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues presented by that petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and

///

///

///

///

///

Preliminary Order of Forfeiture - 3
U.S. v. Hogan, CR21-021-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 28th day of December, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

*s/Krista K. Bush*
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart St., Suite 5220
Seattle, WA 98101
(206) 553-2242
Krista.Bush@usdoj.gov

Preliminary Order of Forfeiture - 4
*U.S. v. Hogan*, CR21-021-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970